IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 4:25-CR-_____ |
| | § | Judges: _____ |
| GAVIN RIVERS WEISENBURG (01) | § | |
| TANNER CHRISTOPHER THOMAS (02) | § | |
| | § | |

## AGREED MOTION FOR PROTECTIVE ORDER

Some of the discovery materials that the government intends to provide to the defendants in this case contain sensitive and private personal identification information for individuals who are not defendants in this case, including, for example, names, addresses, and birthdates. Additional materials provided may contain information that could permit someone to learn the identity of other government witnesses, multiple minor victims, whose identities should be protected from public scrutiny. Accordingly, the government requests that the Court issue a Protective Order governing the use and disclosure of these discovery materials.

## BACKGROUND

1. On November 19, 2025, a federal grand jury indicted Gavin Rivers Weisenburg and Tanner Christopher Thomas (collectively, Defendants) for violations of 18 U.S.C. §§ 956 (conspiracy to murder, maim or kidnap in a foreign country) and 2251(a) (production of child pornography). According to the Indictment, Defendants plotted to invade the Island of Gonave, which is part of the Republic of Haiti, murder all of the men, and turn the women and children into sex slaves. It is further alleged in the

indictment that the Defendants produced visual depictions of the sexual exploitation of children in a related count.

2. During the course of the investigation leading to this indictment, the government obtained material containing sensitive and private personal identification information for a number of individuals, including their social security numbers, birthdates, and addresses. The government also interviewed multiple minor victims, whose identities should be protected from public scrutiny.

3. The government respectfully requests that the Court issue a Protective Order implementing the terms stated below to ensure the continued confidentiality of the information identified in paragraph two.

4. The requested relief is narrowly tailored to ensure that the confidential information identified in paragraph two will remain protected.

## REQUESTED TERMS

5. The parties request the application of the following terms in the Protective Order:

    a. The United States may produce certain documents containing personally identifiable information to the defendants, pursuant to the United States' discovery obligations. The United States shall produce these documents unredacted to the defendants. The defendants, including defendants' counsel and their personnel, may use these documents only for the purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty agrees to the terms of this Order. The

defendants shall not file these documents with, or submit them to, the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.

  b. Among other discovery materials, the government will provide counsel for defense ("Defense Counsel") with a copy of a compiled set of documents prepared by the case agents on electronic media or a secure online file portal. All material provided by the government in this case to Defense Counsel falls within the scope of the proposed order and is referred to below as "Protected Discovery Material;"

  c. Defense Counsel shall maintain the Protected Discovery Material in accordance with the terms of the Protective Order and shall use the Protected Discovery Material solely and exclusively in connection with this case (including trial preparation, trial, appeal, or other related legal proceedings) and for no other purposes;

  d. Only the following individuals may access and view the Protected Discovery Material: (i) Defense Counsel; (ii) the Defendants, for the sole purpose of assisting in the preparation of his/her defense and only in the presence and under the direct supervision of Defense Counsel; (iii) such members of Defense Counsel's staff as are necessary for the purposes outlined above and only while these staff members are operating under the direct supervision and control of Defense Counsel; and (iv) any expert or investigator hired to assist Defense

Counsel for the purpose of defending against the pending charges against defendants;

    e.    Defense Counsel may print, copy, or duplicate the Protected Discovery Material only if the printed items, copies, and/or duplicates are kept under the same control as the original Protected Discovery Material. Defendants may not print, copy, or duplicate the Protected Discovery Material;

    f.    Defense Counsel will keep a copy of the Protective Order with the Protected Discovery Material at all times and provide a copy to any staff member, expert, or investigator assisting Defense Counsel in the case;

    g.    Upon termination of this matter, Defense Counsel is permitted to retain a copy of the Protected Discovery Material, but this retention is subject to the terms and restrictions of this Protective Order.

## **CONCLUSION**

Based on the foregoing, the government respectfully request that the Court issue a Protective Order governing the use and disclosure of the Protected Discovery Material.

Respectfully Submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ D. Ryan Locker*
D. RYAN LOCKER
Assistant United States Attorney
Texas Bar Number 24046307
110 N. College Avenue, Suite 700
Tyler, Texas 75702
(903) 590-1400
Ryan.Locker@usdoj.gov

ATTORNEY FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that on or about the date of this filing I electronically served a true and correct copy of this document using the Court's CM/ECF system to all counsel of record.

*/s/ D. Ryan Locker*
D. RYAN LOCKER
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I certify that I conferred with the following attorneys via email or telephone:

- Clint Brode and David Finn, attorneys for Gavin Rivers Weisenburg
- John Helms, attorney for Tanner Christopher Thomas

The motion is AGREED.

*/s/ D. Ryan Locker*
D. RYAN LOCKER
Assistant United States Attorney

**Agreed Motion for Protective Order - Page 5 of 5**